IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-377
(3:05-cr-419)

| | |
|---|---|
| CERON MONTRELL REED ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |

**THIS MATTER** is before the Court upon consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 3) and counsel's supplemental motion,[1] (Doc. No. 5). For the reasons that follow, Petitioner's motion, as supplemented, will be dismissed.

I. BACKGROUND

On December 13, 2005, Petitioner was indicted for carjacking, and aiding abetting, in violation of 18 U.S.C. §§ 2119 and 2 (Count One); using, carrying, brandishing, and discharging a firearm during and in relation to that crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Two); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). (Case No. 3:05-cr-419, Doc. No. 1). Shortly before trial Petitioner entered a guilty plea without the benefit of a plea agreement. agreement (Id., Doc. No. 29: Acceptance and Entry of Guilty Plea).

---

[1] After the Fourth Circuit issued its decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), this district began appointing counsel to defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order). On February 7, 2013, new counsel filed a supplement to Petitioner's § 2255 motion amplifying his challenge to career offender designation. (Doc. No. 5).

1

The Presentence Report ("PSR") identified two prior controlled substance offenses as qualifying Petitioner for career offender designation, to which he did not object. (Id., Doc. No. 56: PSR at 6, 16). At the sentencing hearing, the Court imposed an aggregate sentence of 262 months, the low end of the advisory guideline range pursuant to USSG §4B1.1(c)(3).[2] (Id., Doc. No. 53: Sent. Hr'g Tr. at 7). Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit. (Id., Doc. No. 41: Notice of Appeal). His argument that his Sixth Amendment rights were violated because the career offender predicates were not charged in the indictment or proved beyond a reasonable doubt was rejected by the appellate court. United States v. Reed, 239 F. App'x 808, 808-809 (4th Cir. 2007) (citing United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005)). The Mandate for that decision was issued on August 6, 2007. (Case No. 3:05-cr-419, Doc. No. 60).

On June 18, 2012, Petitioner filed the instant § 2255 motion claiming: (1) his prior North Carolina conviction for possession with intent to sell or deliver cocaine was not a career offender predicate because he did not face a sentence of more than 12 months; (2) his Sixth Amendment rights were violated when his sentence was enhanced based on convictions not charged in the indictment or admitted by him; (3) he is no longer a career offender because one of the predicates does not qualify in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc);[3] and (4) former counsel was constitutionally ineffective for conceding career

---

[2] The sentence was apportioned as follows: 142 months on Count One; 120 concurrent months on Count Three; and 120 consecutive months on Count Two. (Case No. 3:05-cr-419, Doc. No. 38: Judgment at 2).

[3] Petitioner had been sentenced to 10-13 months' imprisonment for selling cocaine, (Case No. 3:05-cr-419, Doc. No. 56: PSR ¶ 46); therefore, that career offender predicate and the § 922(g) conviction are not in dispute.

offender status at sentencing. (Doc. No. 1 at 4-8). Petitioner and new counsel claim the motion is timely or subject to equitable tolling because Simmons, decided in 2011, shifted controlling precedent in this circuit. (Doc. No. 1: Motion at 12; Doc. No. 5: Supplement at 15-19).

II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

III. DISCUSSION

A. Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In January 2002, the Fourth Circuit decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) in which it held that a federal habeas court had discretion to dismiss a habeas petition for untimeliness sua sponte, but before doing so, it was required to give notice that a petition would be dismissed, absent sufficient explanation. Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill. The new forms now include a section which directs a petitioner to address the timeliness of a motion if the judgment of conviction became final more than a year ago. (Doc. No. 1 at 12). Additionally, the new form requires a petitioner explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar the motion. (Id.).

Accordingly, given the facts that Petitioner addressed the timeliness of his motion on the current form and that counsel also addressed the timeliness issue, the Court concludes that he has been given every opportunity to which he is entitled in this regard and no further warning is required. The Court further notes that Petitioner's response shows no confusion and demonstrates that he understood the timeliness issues because he clearly set forth the facts he believed were sufficient to save his motion from the statute of limitations. See Bilal v. North Carolina, 287 F. App'x 241 (4th Cir. 2008) (dismissal not appropriate if response is ambiguous).

Petitioner's Judgment became final on or about November 5, 2007, when he did not petitioner the Supreme Court for a writ of certiorari. See Clay v. United States, 537 U.S. 522, 525 (2003). The Fourth Circuit's en banc decision in Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) makes it clear that Petitioner's § 2255 motion asserting Simmons claims

4

(Grounds One and Three), filed on June 18, 2012, is untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging a predicate used for a guideline sentencing enhancement was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations. Id., 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4)); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[4] Therefore, Petitioner is clearly not entitled to relief on this untimely claim.

Even if the Court were to reach the merits of Petitioner's Simmons claims, he would not be entitled to relief. Petitioner's sentence on each count did not exceed the statutory maximum for each offense;[5] thus, his challenge to the guideline enhancement is not cognizable on collateral review. United States v. Foote, 784 F.3d 931 (4th Cir. 2015) (challenge to a career offender designation based on the length of prior sentences could not be raised in a § 2255 proceeding). Therefore, Petitioner's claims in Grounds One and Three are without merit.

B.      Foreclosed by Direct Appeal

In addition to being untimely, Petitioner's Sixth Amendment claim (Ground Two) was previously raised and rejected on direct appeal. Therefore, he is not entitled to relief in this collateral proceeding. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the

---

[4] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).
[5] The maximum sentence for Count One was 15 years, pursuant to 18 U.S.C. § 2119(1); the maximum sentence Count Two was life, pursuant to 18 U.S.C. § 924(c); and the maximum sentence for Count Three was 10 years, pursuant to 18 U.S.C. § 924(a)(2). (Case No. 3:05-cr-419, Doc. No. 56: PSR at 1).

case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court.") (internal citation omitted); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (A petitioner "will be not be allowed to recast, under the guise of a collateral attack, questions fully considered" on direct appeal.).

      C.      Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). If a petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In considering the prejudice prong of the analysis, a court must not grant relief solely

6

because a petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, a court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Finally, a petitioner pressing an ineffective assistance of counsel claim in relation to his sentence must demonstrate "a reasonable probability" that but for counsel's performance he would have received a more lenient sentence. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694).

Petitioner contends that his trial counsel was ineffective in failing to challenge the career offender predicate for which he did not face more than a year's imprisonment. Petitioner relies on the en banc Simmons opinion, which expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which determined a felony by the maximum aggravated sentence a defendant with the worst criminal history could receive. In addition to being untimely, Petitioner's argument fails because Harp was the controlling law in this Circuit when he was sentenced on November 7, 2006, and Simmons was not decided until well after, on August 17, 2011. The Fourth Circuit has rejected a similar claim because the sentencing outcome would not have changed even if counsel had raised the issue. United States v. Webb, 452 F. App'x 316 (4th Cir. 2011) (counsel not ineffective for failing to challenge career offender predicate using Simmons rationale when Harp controlled). Therefore, Petitioner's counsel was not ineffective in failing to anticipate that change to long standing precedent. Kornahrens v. Evans, 66 F.3d 1350, 1360 (4th Cir. 1995) (no ineffectiveness claim for failure to anticipate change in the law).

IV.  CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, as supplemented (Doc. Nos. 1, 5), is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 14, 2015

Robert J. Conrad, Jr.
United States District Judge